# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. PAYAN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>H. TATE, et al.,<br><br>　　　　Defendants. | 1:13cv00807 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>(Document 22) |

Plaintiff Michael J. Payan ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on May 28, 2013. This action is proceeding on the following cognizable claims: (1) retaliation in violation of the First Amendment by Defendants Bingamon, Tate and Vu; and (2) deliberate indifference to a serious medical need in violation of the Eighth Amendment against Defendants Bingamon, Tate, Vu, Sheisha and Joaquin.

On April 16, 2014, Defendants filed a motion to dismiss the Eighth Amendment claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion is pending.

On May 5, 2014, Plaintiff filed a letter which this Court construed as a motion for injunctive relief. Defendants opposed the motion on June 24, 2014, and Plaintiff filed his reply on August 22, 2014.

1

In his motion, Plaintiff requests that the Court order that he no longer be treated by Defendant Tate.  Plaintiff argued that Defendant Tate was retaliating against him and failing to provide medical care.

In their opposition, Defendants indicate that Plaintiff has been assigned to a different primary care doctor at CCI.  Plaintiff was subsequently transferred, and in his reply, admits that his request for relief is now moot because he's at a new institution and has a new treating physician.[1]

Accordingly, the Court recommends that Plaintiff's motion be denied as moot.  As Plaintiff has recognized, when an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions.  Alvarez v. Hill, 667 F.3d 1061, 1063-64 (9th Cir. 2012); Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

## RECOMMENDATION

For these reasons, the Court RECOMMENDS that Plaintiff's motion for injunctive relief be DENIED AS MOOT.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate

---

[1] Plaintiff's reply also argues that "injunctive relief was the correct course of action and Plaintiff would have prevailed."  ECF No. 34, at 2.  As Plaintiff's request is moot, the Court will not address the motion on the merits.

Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

   Dated:   **August 25, 2014**                    /s/ *Dennis L. Beck*
                                                            UNITED STATES MAGISTRATE JUDGE