# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. PAYAN,<br><br>    Plaintiff,<br><br>    vs.<br><br>H. TATE, et al.,<br><br>    Defendants. | ) 1:13cv00807 LJO DLB PC<br>)<br>) ORDER GRANTING DEFENDANTS'<br>) MOTION TO STAY DISCOVERY<br>) IN PART AND STAYING MERITS-BASED<br>) DISCOVERY<br>)<br>) (Document 63)<br>)<br>) |

Plaintiff Michael J. Payan ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on May 28, 2013. This action is proceeding on the following cognizable claims: (1) retaliation in violation of the First Amendment by Defendants Bingamon, Tate and Vu; and (2) deliberate indifference to a serious medical need in violation of the Eighth Amendment against Defendants Bingamon, Tate, Vu, Sheisha and Joaquin.

The action is currently in discovery.

On May 19, 2015, Defendants filed a timely motion for summary judgment based on exhaustion. The motion is pending.

On June 2, 2015, Defendants filed a motion to stay discovery pending resolution of the motion for summary judgment. The Court deems the motion suitable for decision without an opposition pursuant to Local Rule 230(l).

## DISCUSSION

The Court is vested with broad discretion to manage discovery. <u>Dichter–Mad Family Partners, LLP v. U.S.</u>, 709 F.3d 749, 751 (9th Cir. 2013); <u>Hunt v. Cnty. of Orange</u>, 672 F.3d 606, 616 (9th Cir. 2012). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed.R.Civ.P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, <u>Little v. City of Seattle</u>, 863 F.2d 681, 685 (9th Cir.1988) (stay of discovery pending resolution of immunity issue).

Pursuant to the procedure set forth in <u>Albino v. Baca</u>, 747 F.3d 1162 (9th Cir. 2014), motions for summary judgment are now required for raising exhaustion issues. This means that based on the Court's general practice, merits-based discovery will have opened prior to the time Defendants are required to file an exhaustion challenge.

In this case, discovery opened on February 18, 2015. Between the commencement of discovery and Defendants' May 19, 2015, motion for summary judgment based on exhaustion, Plaintiff propounded a total of ten sets of discovery requests. Doering Decl. ¶ 3.

Here, the pending motion for summary judgment is potentially dispositive of all claims in this case and could render Plaintiff's discovery requests moot. Moreover, Defendants have not delayed in requesting a protective order. In such cases, the Court finds good cause to grant a stay of discovery **only** as to merits-based discovery. <u>Albino</u>, 747 F.3d at 1170 ("If discovery is appropriate, the district court may in its discretion limit discovery to evidence concerning exhaustion, leaving until later-if it becomes necessary-discovery directed to the merits of the suit.").

Plaintiff will not be prejudiced as to the pending motion because, if he believes that discovery related to exhaustion is necessary, he may file a request pursuant to Rule 56(d).

Pursuant to the Discovery and Scheduling Order, any such request must be filed within thirty (30) days of the date of service of the motion for summary judgment.

Accordingly, Defendants' motion is GRANTED IN PART and the Court STAYS merits-based discovery.  Defendants are relieved from responding to merits-based discovery already served by Plaintiff.  If any of Plaintiff's claims survive the exhaustion challenge, the Court will issue an amended scheduling order allowing additional time for discovery related to the remaining claims.

IT IS SO ORDERED.

Dated:   **June 3, 2015**                                    /s/ *Dennis L. Beck*
                                                                          UNITED STATES MAGISTRATE JUDGE