# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. PAYAN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>H. TATE, et al.,<br><br>　　　　Defendants. | ) 1:13cv00807 LJO DLB PC<br>)<br>)<br>) ORDER DENYING PLAINTIFF'S<br>) MOTION FOR SERVICE<br>) DOCUMENTS AS MOOT<br>)<br>) (Document 87)<br>)<br>) |

　　　　Plaintiff Michael J. Payan ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983.

　　　　On December 2, 2015, the Court issued an order directing Plaintiff to return service documents. Therefore, Plaintiff's December 15, 2015, motion requesting that the Court order service is DENIED AS MOOT.

　　　　On December 15, 2015, Plaintiff filed a document with the Court inquiring as to why service documents were not included for the Doe Defendants. Plaintiff is informed that the United States Marshal cannot initiate service of process on a Doe Defendant. Therefore, the Court will send Plaintiff the appropriate service documents at such time that he ascertains the identities of the Doe defendants. Plaintiff may attempt to identify the unknown Defendants

through the discovery process.  Crowley v. Bannister, 734 F.3d 967, 978 (9th Cir. 2013) (quoting Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)).  At this time, however, discovery is stayed pending the resolution of the motion for summary judgment.  If Plaintiff's claims survive the exhaustion challenge, he will be given sufficient time to complete discovery.

Insofar as Plaintiff requests that he be permitted to serve "the position," rather than an individual, he is informed that section 1983 liability is based on an *individual's actual involvement* in the alleged events.

IT IS SO ORDERED.

Dated:   **December 17, 2015**                   /s/ Dennis L. Beck
                                                  UNITED STATES MAGISTRATE JUDGE