# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. PAYAN,<br><br>                Plaintiff,<br><br>     v.<br><br>TATE, et al.,<br><br>                Defendants. | Case No. 1:13-cv-00807 LJO DLB PC<br><br>ORDER ADOPRING FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Document 93) |

Plaintiff Michael J. Payan ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's October 19, 2015, First Amended Complaint.

Defendants Tate, Bingamon, Joaquin, Shiesha and Vu filed the instant motion for summary judgment for failure to exhaust on May 19, 2015. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. section 636(b)(1)(B) and Local Rule 302.

On January 26, 2016, the Magistrate Judge issued Findings and Recommendations that the motion be granted in part. The Findings and Recommendations were served on the parties and contained notice that any objections must be filed within thirty days. After receiving extensions of time, Plaintiff filed objections on March 21, 2016. Defendants filed their reply on April 14, 2016.

///

///

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections and Defendants' reply, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

With the exception of the argument discussed below, Plaintiff's objections generally repeat arguments addressed by the Magistrate Judge, and the Court will address them again here.

As to Defendant Bingamon, the Magistrate Judge found that the only appeal that specifically mentioned him, appeal 03-10-13065, was not fully exhausted because Plaintiff did not seek Third Level Review. Plaintiff argued that reference to 'proper medical health care' in another appeal was sufficient to place prison officials on notice of his deliberate indifference claim against Defendant Bingamon, but the Magistrate Judge correctly rejected this argument.

Now, Plaintiff argues that he did, in fact, submit appeal 03-10-13065 for Third Level review, and suggests that it did not reach its destination. He states that at the time the appeal was filed, he was in the Secured Housing Unit, and that all mail is handled by correctional officers. He also states that the "paper trial" is the responsibility of the officers. ECF No. 101, at 2.

This is the first time that Plaintiff has suggested that he submitted the appeal to the Third Level, but that it was never received. He did not raise it in his opposition or his sur-reply. Aside from this curious timing, Plaintiff has not offered *any* facts to support his contention. His vague assertion is not sufficient to create a dispute of fact.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed January 26, 2016, are adopted in full;
2. Defendants' motion for summary judgment is GRANTED IN PART, and all claims **except** (1) Plaintiff's deliberate indifference claim against Defendant Tate related to the December 2, 2010, visit; and (2) Plaintiff's deliberate indifference claim against

///
///
///
///

Defendant Vu related to his refusals (prior to May 28, 2013) to send Plaintiff for an MRI, are DISMISSED WITHOUT PREJUDICE for failure to exhaust; and

3. The matter is referred back to the Magistrate Judge for further scheduling.

IT IS SO ORDERED.

   Dated: __**April 19, 2016**__             __**/s/ Lawrence J. O'Neill**__
                                                          UNITED STATES DISTRICT JUDGE