UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. PAYAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TATE, et al.,<br><br>　　　　　Defendants. | No. 1:13-cv-00807 LJO DLB PC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER<br>(Document 118)<br><br>ORDER VACATING DATES SET IN APRIL 20, 2016, ORDER |

Plaintiff Michael J. Payan ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. This action is proceeding on Plaintiff's October 19, 2015, First Amended Complaint.

On April 19, 2016, the Court granted Defendants' motion for summary judgment for failure to exhaust in part and dismissed certain claims.[1] The motion related only to events prior to May 28, 2013, and the following claims survived: (1) Plaintiff's deliberate indifference claim against Defendant Tate related to the December 2, 2010, visit; and (2) Plaintiff's deliberate indifference claim against Defendant Vu related to his refusals (prior to May 28, 2013) to send Plaintiff for an MRI.

---

[1] After Defendants filed their motion for summary judgment for failure to exhaust, the Court granted Plaintiff leave to file an amended complaint asserting certain claims. Plaintiff filed his First Amended Complaint on October 19, 2015. On December 1, 2015, Defendants notified the Court that they wished to go forward with the exhaustion challenge.

1

On April 15, 2016, Defendants filed a motion to dismiss the claims in the First Amended Complaint related to events after May 28, 2013. The motion is pending.[2]

On April 20, 2016, the Court lifted the stay of discovery and set a discovery deadline of August 19, 2016, and a dispositive motion deadline of October 18, 2016. These dates related to the claims that survived against Defendants Tate and Vu for events occurring prior to May 28, 2013. The Court reasoned that these claims would go forward regardless of the outcome of the motion to dismiss.

On May 19, 2016, Defendants filed a motion to modify the Discovery and Scheduling Order. Plaintiff did not oppose the motion and it is therefore ready for decision pursuant to Local Rule 230(l).

**DISCUSSION**

Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking the modification." *Johnson*, 975 F.2d at 609. "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609).

Here, Defendants seek an order vacating the current discovery and dispositive motion deadlines in the interests of efficiency and conserving resources. The First Amended Complaint includes claims against Defendants Tate and Vu that are closely related to claims for which discovery is currently open. Defendants contend that if the claims for events after May 28, 2013, survive, they will incur the cost of conducting additional discovery. Defendants also argue that the posture of this case is such that the parties will have separate dispositive motion deadlines.

///

---

[2] In conjunction with his opposition, Plaintiff has moved to amend.

2

The Court agrees that the unusual procedural history of this action requires that the current dates be vacated. Defendants have been diligent in pursuing discovery, and there is no indication that Plaintiff will be prejudiced. Vacating the dates and resetting them after the ruling on the pending motion to dismiss will simplify the remaining course of this action.

Accordingly, Defendants' motion is GRANTED. The Court VACATES the discovery deadline and dispositive motion deadline set in the April 20, 2016, order. The Court will reset deadlines after the disposition of the pending motion to dismiss.

IT IS SO ORDERED.

Dated: **June 30, 2016**              /s/ *Dennis L. Beck*
                                       UNITED STATES MAGISTRATE JUDGE