1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL J. PAYAN,                          No.  1:13-cv-00807 LJO BAM PC

12                    Plaintiff,                 FINDINGS AND RECOMMENDATIONS
                                                 THAT DEFENDANTS' MOTION TO
13            v.                                 DISMISS BE PARTIALLY GRANTED AND
                                                 PARTIALLY DENIED
14    TATE, et al.,
                                                 (ECF No. 109)
15                    Defendants.
                                                 AND RECOMMENDING GRANTING
16                                               MOTION TO STRIKE UNAUTHORIZED
                                                 SURREPLY
17
                                                 (ECF No. 129)
18
                                                 **FOURTEEN (14) DAY DEADLINE**
19

20

21                            **Findings and Recommendations**

22    **I.      Introduction**

23           Plaintiff Michael J. Payan ("Plaintiff") is a state prisoner proceeding pro se and in forma

24    pauperis in this civil rights action.  This action is proceeding on Plaintiff's October 19, 2015, First

25    Amended Complaint.

26           On November 4, 2015, the Court screened Plaintiff's First Amended Complaint ("FAC")

27    and found the following constitutional claims: (1) retaliation in violation of the First Amendment

28    by Defendants Bingamon, Tate, Vu, Shiesha, V. Baniga, Joaquin, D. Longcrier, Does "for L.D.

                                                     1

Zamora," and Does "for J. Lewis;" (2) deliberate indifference to a serious medical need in violation of the Eighth Amendment against Defendants Bingamon, Tate, Vu, Shiesha, Joaquin, Does "for L.D. Zamora," Baniga, Longcrier and Does for "J. Lewis." (ECF No. (hereinafter "Doc.") 84.) On April 19, 2016, the Court granted Defendants' motion for summary judgment for failure to exhaust in part and dismissed certain claims.[1] The motion related only to events prior to May 28, 2013, and the following claims survived: (1) Plaintiff's deliberate indifference claim against Defendant Tate related to the December 2, 2010, visit; (2) Plaintiff's deliberate indifference claim against Defendant Vu related to his refusals (prior to May 28, 2013) to send Plaintiff for an MRI; and (3) Eighth Amendment deliberate indifference claim and First Amendment retaliation claim for events post May 28, 2013. Plaintiff also asserted state law negligence claims against Defendants Vu, Tate, Shiesha, Baniga, Joaquin, and DOES.

On April 15, 2016, Defendants filed a motion to dismiss the claims in the FAC related to events after May 28, 2013. On June 6, 2016, Plaintiff filed an opposition to the motion to dismiss. (ECF No. 122.) In conjunction with his opposition, on June 6, 2016, Plaintiff filed a Motion to Amend his First Amended Prisoner Civil Rights Complaint, which Plaintiff later withdrew. (Doc. 123.) Then on August 15, 2016, Plaintiff filed a Second Motion to Supplement the First Amended Complaint ("Second Motion"). (Doc. 133.) The Court denied the Second Motion to Supplement the First Amended Complaint.[2]

Now pending is Defendants' Motion to Dismiss. (Doc. 109.) Plaintiff opposed the motion and Defendants replied. (Doc. 122, 125.) On July 5, 2016, Plaintiff filed a further response to Defendants' Motion to Dismiss. (Doc. 128.) Defendants then filed a Motion to Strike Plaintiff's unauthorized surreply. The Motions to Dismiss and to Strike are submitted on the papers. Local Rule 230(l).

---

[1] After Defendants had filed their motion for summary judgment for failure to exhaust, the Court granted Plaintiff leave to file an amended complaint asserting certain claims on August 25, 2015. Plaintiff filed his First Amended Complaint on October 19, 2015.

[2] That order denying Plaintiff's Second Motion to amend the first amended complaint is filed concurrently with this order.

**II.     Plaintiff's Surreply**

As noted above, Defendants filed a motion to dismiss the first amended complaint. Plaintiff responded (ECF No. (hereinafter "Doc.") 122.) and Defendant replied (Doc. 125.). Thereafter, on July 5, 2016, Plaintiff filed a response to Defendant's reply.   (Doc. 128.) Defendants move the Court to strike Plaintiff's unauthorized surreply filed on July 5, 2016 (Doc. 128) regarding Defendants' motion to dismiss Plaintiff's First Amended Complaint.  This Court's Local Rules provide for a motion, an opposition, and a reply. Local Rule 230(1). Neither the Local Rules nor the Federal Rules of Civil Procedure provide the right to file a response to a reply. *See*, *e.g.*, *Wyatt v. Zanchi*, No. 1:09-cv-01242 BAM PC, 2011 WL 5838438, at *5 (E.D. Cal. Nov. 21, 2011).  In this case, the Court neither requested a response to Defendants' reply nor granted a request on Plaintiff's behalf to file such a response.   Accordingly, the Court will recommend that Plaintiff's response to Defendants' reply be stricken from the record and not considered for purposes of the motion to dismiss.

**III.     Discussion**

**A.   Legal Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), the court must accept as true the allegations of the complaint in question, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (*en banc*). Nevertheless, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). A claim upon

3

which the court can grant relief must have facial plausibility. *Id.* at 570. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009).

**B.  Summary of Relevant Allegations in First Amended Complaint**

Plaintiff injured his left shoulder in a fall in the shower on or about July 21, 2010.  He felt

a painful tear in his left shoulder when he fell.  He reported the pain to several treating physicians

at California Correctional Institution ("CCI") where Plaintiff was housed at the time.  As relevant

to the allegations, Plaintiff repeatedly attempted to get treatment for the pain and injury.  On or

around December 2, 2010, Plaintiff saw Defendant Tate. Defendant Tate told Plaintiff that he

hated whiners and inmates who told doctors what to do, and that an MRI wasn't worth the five

dollars that it would cost Plaintiff. He told Plaintiff that he should learn to live with the pain and

that if he continued to complain, he would cancel the MRI.  The response from Tate was similar

from all defendants. Plaintiff could not get adequate and necessary treatment, and the care he did

receive was more harmful than helpful. Plaintiff was seen by Defendant Vu on January 24, 2012,

after he further injured his shoulder while performing the recommended exercises. He requested

stronger pain medication and an MRI because the injections were making his shoulder worse.

Defendant Vu told Plaintiff that he (Plaintiff) was not a doctor, and that he would continue to

treat him pursuant to policy even if the injections were not working. Plaintiff continued to seek

medical care for his shoulder injury and had been prescribed morphine but had difficulty

functioning on the medication.  All of the treatment he received was medically inadequate.

Plaintiff submitted numerous health care appeals relating to interfering with medical care and

inadequate medical care to Defendants Shiesha, Longcrier, Baniga and they refused to correct

misconduct and provide adequate medical care for Plaintiff's known shoulder injury.  He was

retaliated against for submitting numerous grievances.  From May 2013 through 2014, Plaintiff

continued to file numerous grievances seeking medical attention but the treatment was never

provided and Plaintiff remained in pain with his shoulder atrophying.  Plaintiff alleges state law

negligence claims against Defendants Vu, Tate, Shiesha, Baniga, Jane Does 1-3, John Doe, L.D.

Zamora, J. Lewis.  (Doc. 81 ¶ 228-232.)

## C. Defendants' Motion to Dismiss

### 1.  Defendants' Arguments (Doc. 109, 125)

Plaintiff's state claims must be dismissed because Plaintiff admits he failed to comply with the Government Claims Act.  Plaintiff did not timely file a claim with the Victim Compensation and Government Claims Board ("VCGCB") and his petition to file a late claim was denied.  State law claims must therefore be dismissed.

Defendants also argue the Plaintiff fails to state a claim for deliberate indifference.  The relevant allegations to the pending claims are those acts after May 28, 2013.  (Doc. 81 ¶188.) Plaintiff complains of a prescription of Naproxen as ineffectual for pain management.  Pain prescription is not in conscious disregard of an excessive risk to Plaintiff's health.  (Doc. 125 p.3.)[3] Plaintiff further has not identified which of the many defendants he seeks to hold liable for prescribing Naproxen.

Plaintiff cannot state a claim based upon his prison grievances.  The remainder of events after May 28, 2103 in the first amended complaint is related to Plaintiff's prison grievances. Interviewing and examination an inmate in response to a medical grievance is not deliberate indifference. Plaintiff cannot state a claim for retaliation because defendants partially granted and/or denied his prison grievances.  A failure to grant a grievance to the inmate's satisfaction cannot form the basis of a constitutional claim.

Defendants also argue that they are entitled to qualified immunity.  Defendants would not have been on notice that changing Plaintiff's pain medication to Naproxen to accommodate his requirement to not take morphine would subject them to liability.  (Doc. 125 p.7:18-20.)  Also, Defendants would not have believed that reviewing and evaluating grievances would subject them to violation of Eighth Amendment rights.

### 2.  Plaintiff's Opposition

Plaintiff argues that the Court must accept the material facts alleged in the complaint as true.  Plaintiff states that from the exhibits attached to the complaint, the Court "can draw on all

---

[3] Page references to filed documents reflect the court's electronic pagination when docketed in the court's Case Management/Electronic Case Files (CM/ECF) system, not the original pagination of the filed documents.

or some to decide whether Plaintiff has sufficiently stated a claim." (Doc. 122 p. 11.)  Defendants Shiesha and Longcrier ignored evidence in the 602 (CCI-HC-14035914) which shows their deliberate indifference. (Doc. 122 p. 12.) Plaintiff alleges that Defendant U. Baniga was deliberately indifferent when he reviewed Plaintiff's file and appeal and ignored the evidence attached to the appeal; chose to accept the statement of Defendant Tate; and failed to correct known misconduct of others.  (Doc. 122 p. 12.)

Plaintiff's allegations are sufficient for retaliation.  The Court has screened the FAC and found cognizable claims for retaliation.  Defendants' medical treatment of Plaintiff did not change, no matter how bad Plaintiff's pain, how worse his condition got, they retaliated for Plaintiff filing numerous grievances to "deny diagnosis, refusal to change their course of treatment; the more medical slips and grievances [plaintiff] submitted, the more opposed to investigating the cause of his pain defendants were." (Doc. 122 p. 15-16.)  Plaintiff argues that the reviewers (Shiesha, Joaquin, Baniga and Longcrier) of his grievances, medical slips, and forms retaliated against him by refusing to perform their duties of investigation and acting on the evidence, making them equally responsible. (Doc. 122 p.17-18.)

Plaintiff states that "government officials' act under 'color of law' (like custody staff) medical staff do not."[4]  (Doc. 122 p. 19) Officials are not entitled to immunity for inadequate medical care and refusal to provide care.  Plaintiff recites how the care was inadequate over 29 months.  (Doc. 122 p. 19-21.)

Plaintiff opposes dismissal of this state law claims because he contends he complied with the Government Claims Act.  Plaintiff submitted his claim to the Board based upon the continual violations doctrine as the violations continue and are ongoing.  (Doc. 122 p. 25.)

**D.  Dismissal of State Law Claims**

The Court addressed the timeliness of Plaintiff's state law claims in an order denying Plaintiff's second motion to amend.  Under the Government Claims Act, set forth in California

---

[4] Plaintiff states that medical staff was not acting "under color of law."  However, a plaintiff must show that a defendant "acted under color of law" to present a viable §1983 claims.  *West v. Atkins*, 487 U.S. 42, 48 (1988) (To state a claim under § 1983, a plaintiff "must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.") The Court disregards Plaintiff's statement in his opposition that medical staff was not acting under color of law, because it is clear that the FAC seeks to assert a §1983 claim against medical staff.

Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board acted on the claim, or the time for doing so expired. Failure to demonstrate such compliance constitutes a failure to state a cause of action and will result in the dismissal of state law claims. *State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1240 (2004).

As stated in the Court's Order Denying Plaintiff's Second Motion to Amend, Plaintiff has failed to comply with the California Government Claims Act. Failure to file a claim within the statute of limitations provided by the Government Claims Act is grounds for dismissal of the claims. Gov't. Code § 945.6. Claims filed beyond the six-month period to be time-barred.

Plaintiff did not timely comply with the Government Claims Act. As also noted in the Order Denying Plaintiff's Second Motion to Amend, the Court took judicial notice of the certified copies of Plaintiff's VCGCB claim file. (See Doc. 110, p. 4-18.)[5] The judicially noticed documents show that Plaintiff failed to file a timely claim, and the Board also rejected Plaintiff's request to file a late claim. Accordingly, Plaintiff has failed to comply with the Government Claims Act. Therefore, the state law claims must be dismissed.

**E. Motion to Dismiss Deliberate Indifference Claims based on the Allegation of "Naproxen" treatment and Plaintiff's Prison Grievances**

**1. Naproxen Medication**

Defendants argue the allegations do not support a deliberate indifference claim for changing Plaintiff's pain medication to Naproxen.

Having screened the complaint, and partially granting summary judgment and recommending dismissal of the state law claims, the Court is disinclined to tax its overburdened resources to address isolated attacks to allegations. (Defendant's Motion, Doc. 125 p. 3.)

---

[5] The documents consist of the following. A Government Claim Form, stamped received by the State of California Government Claims Program, on May 19, 2015. The claim form was given number 624711 and bears a signature, with a printed name adjacent, of "Michael J. Payan." (Doc. 110, p.12-13.) A letter from the Victim Compensation and Government Claims Board dated June 2, 2015 stating that the "Claim G624711 for Michael J. Payan, T08858" is untimely. (Doc. 110 p. 10.) A letter from VCGCB dated July 21, 2015 rejecting Michael Payan's application for leave to present a late claim. (Doc. 110, p.7.) That rejection was affirmed at Board meeting on August 20, 2015 and Michael Payan was notified by letter dated August 28, 2015. (Doc. 110 p.6.)

Accordingly, the Court declines to rule on the single allegation found at ¶188 of Plaintiff's FAC: "Plaintiff continued to seek medical care for the severe shoulder pain during this time submitting request CDC 7362 (11-14-13) #773891, CDC 7362 #0051772 as Defendants refusal to provide adequate pain medication and prescribed medications (Naproxen) which had proved to be ineffective to manage Plaintiff's pain as they had previously been prescribed initially."  The Court reads this allegation as not seeking to independently establish deliberate indifference, but to show the course of conduct that medical treatment was ineffective for a prolonged period of time.  The Court recommends the motion to dismiss on this allegation be denied.

**2.  Grievance Review**

Defendants seek to dismiss the prison grievance claims as not supporting a claim for deliberate indifference.

The allegations concerning defendants' actions in reviewing and/or denying grievance do not typically state a claim of deliberate indifference. *See Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) ("Inmates lack a separate constitutional entitlement to a specific prison grievance procedure."). Prison grievance procedure is procedural right that does not give rise to protected liberty interest.  *Id.*

Plaintiff has not merely complained that the Defendants reviewed or denied his inmate appeal. Rather, plaintiff has alleged that he put the reviewing defendants on notice through the inmate appeals process, establishing knowledge, that Plaintiff had ongoing serious medical conditions and was not receiving proper care.  See *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006) (prisoner's letter to administrator alerting him to constitutional violation sufficient to generate genuine issue of material fact as to whether administrator was aware of violation): *Edwards v. Hsieh*, 2016 WL 1604762, at *2 (E.D. Cal. Apr. 22, 2016), report and recommendation adopted, 2016 WL 3356279 (E.D. Cal. June 16, 2016) (These allegations are sufficient to state a claim against this defendant because plaintiff alleges that the defendant's response to his inmate appeal amounted to a refusal to provide him with adequate medical care in keeping with Eighth Amendment standards). Plaintiff argues (Doc. 122) Defendant Shiesha, Bingamon, Longcrier, Baniga, J. Lewis purposely ignored evidence in the 602s, failed to review

evidence and the medical file, and misrepresented the medical history.  Plaintiff is not seeking

liability for deliberate indifference in the handling of the grievances but to show that these

defendants had knowledge of a serious medical risk for which they were indifferent.  Plaintiff

states sufficient facts at the pleading stage.[6]

### F.  Retaliation

Defendants argue that whether Vu, Bingamon, Shiesha, Joaquin, Baniga, and Longcrier

partially granted or denied Plaintiff's prison grievances for alternative forms of treatment or

testing fails to state a claim for retaliation.

Defendants are correct that there is no protected interest in a grievance process. *Mann v.

Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

However, Prisoners have a First Amendment right to pursue civil rights litigation in the court.

*Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). Prisoners may not be retaliated against for

exercising their right of access to the courts, and this extends to established prison grievance

procedures. *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir.1995), *overruled on other grounds by

Shaw v. Murphy*, 532 U.S. 223, 230 n. 2, 121 S.Ct. 1475, 149 L.Ed.2d 420 (2001)).

"Within the prison context, a viable claim of First Amendment retaliation entails five

basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2)

because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Watison v.

Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.

2009).

Defendants argue that the FAC fails to allege any adverse action taken against Plaintiff or

that any action was taken because of his grievances.  (Doc. 109-1 p. 19-20.)  Defendants also

argue that the FAC fails to allege that Plaintiff was chilled in his rights or that the actions taken

by Defendants were not for a legitimate correctional purpose.  Defendants Drs. Shiesha, Joaquin,

---

[6] The Court does not address whether Plaintiff will be able to prove these facts at trial.  In determining whether dismissal is proper under Rule 12(b)(6), the Court may properly consider documents attached to the complaint, without converting the motion to one for summary judgment. *Parks School of Bus., Inc. v. Symington*, 51 F.3d 1480 1484 (9th Cir. 1995).

and Baniga, and CEO Longcrier argue they should be dismissed because the FAC merely alleges they "equally responsible" for retaliation by failing to intervene and remedy Plaintiff's medical issues.  (Doc. 109-1 p. 21.)

Plaintiff argues that his treatment remained the same no matter how much his condition worsened and for four years.  The more he filed "the multitude of grievances," the more the defendants were opposed to investigating the cause of Plaintiff's pain and the more unwilling to change the course of harmful steroid injections and inadequate medical care.  (Doc. 122 p. 15-16.) Plaintiff alleges that because of his 602 grievances all medical care was withheld, denied or cancelled.

Regarding Plaintiff's failure to plead a specific adverse action, "[t]he adverse action need not be an independent constitutional violation." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). For instance, an allegation by an inmate that he was transferred to another prison or placement because he engaged in protected conduct may state a cause of action for retaliation, even though the prisoner has no constitutionally-protected liberty interest in being held at or remaining at a particular facility. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Other actions include: arbitrarily confiscating and destroying an inmate's property and initiating a transfer to another prison (*Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005)); placing an inmate as a gang member based on evidence previously deemed insufficient (*Bruce v. Ylst*, 351 F.3d 1283, 1287–1288 (9th Cir. 2003)); filing a false disciplinary report (*Hines v. Gomez*, 108 F.3d 265, 267–268 (9th Cir. 1997)); and labeling an inmate a "snitch" in order to subject him to retribution by other inmates (*Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989)).

Plaintiff has alleged an adverse action.  Plaintiff has alleged throughout the FAC, that the more grievances he filed, the more entrenched his inadequate medical care became.  See e.g., FAC ¶ 208 (Defendant Shiesha was presented with the MRI, confronted with evidence that contradicted CDCR (MD) Defendant Tate's report, Plaintiff pleads with reviewer to do their duty and defendants chose to accept CDCR (MD) Tate's report that intentionally diminished the facts.")  Plaintiff alleges that because of filing grievances as to the worsening of his medical condition, his medical care was not changed.  This sufficiently alleges adverse actions.

Next defendants argue that his First Amendment rights were not chilled, because he continued to file grievances.

Plaintiff has sufficiently alleged a chilling effect. *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005) (at the pleading stage, we have never required a litigant, per impossible, to demonstrate a total chilling of his First Amendment rights to file grievances and to pursue civil rights litigation in order to perfect a retaliation claim.)  Direct and tangible harm will support a retaliation claim even without demonstration of a chilling effect on the further exercise of a prisoner's First Amendment rights. *Id.* at 568 n. 11. "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm" as a retaliatory adverse action. *Brodheim v. Cry*, 584 F.3d at 1269 (considering the number of grievances filed as permitting claims to go forward) (citing *Rhodes*, 408 F.3d at 568 n. 11).  Here, the number of grievances filed by Plaintiff does not warrant dismissal of his retaliation claim.  Plaintiff has alleged he was harmed by defendants by the mere fact that he was filing his grievances.

Defendants argue that "the attachments to the FAC establish that their actions reasonably advanced legitimate correctional goals."  The Court declines to dismiss the retaliation claims based on this argument which is a factual issue subject to proof.  Plaintiff has alleged throughout his FAC that there was no investigation into his claims of pain, denial of medical care, inadequate pain medication, and no accommodation to ease his pain.  These allegations, spattered throughout the FAC, are sufficient to allege no legitimate correctional goals.  In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964).

G. **Qualified Immunity**

Defendants seek qualified immunity.  The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).  A court considering a claim of qualified immunity makes a two-pronged inquiry: (1) whether the plaintiff has alleged the deprivation of an actual constitutional right and (2) whether such right

1  was clearly established at the time of the defendant's alleged misconduct. *See Pearson v.*
2  *Callahan*, 555 U.S. 223, 232 (2009) (quoting *Saucier v. Katz*, 535 U.S. 194, 201 (2001)).

3         It has long been established that denial of medical treatment to prisoners is a violation of
4  the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L.Ed. 2d 251
5  (1976) (establishing that officers cannot intentionally deny or delay access to medical care); *see*
6  *also Albers v. Whitley*, 743 F.2d 1372, 1376 (9th Cir. 1984) (holding that prison officials who
7  deliberately ignore the serious medical needs of inmates cannot claim that it was not apparent to a
8  reasonable person that such actions violated the law) (*rev'd on other grounds*, 475 U.S. 312, 106
9  S.Ct. 1078, 89 L.Ed.2d 251 (1986)).

10        First Amendment claims for retaliation for chilling of a prisoner's speech are similarly
11 well established. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2004); see also
12 *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) ("Retaliation against prisoners for their
13 exercise of this [First Amendment right to file grievances] is itself a constitutional violation, and
14 prohibited as a matter of clearly established law.")

15        Defendants argue that qualified immunity applies to the claim for deliberate indifference
16 based upon the Naproxen prescription for pain medication.  (Doc. 125 p. 7.) As the court
17 previously noted, the allegation regarding Naproxen is not seeking to independently establish
18 deliberate indifference, but to show the course of conduct that medical treatment was ineffective
19 for a prolonged period of time.

20        Defendants also argue that qualified immunity applies because there is no constitutional
21 right to a grievance procedure.  Defendants inaccurately characterize Plaintiff's legal claims.
22 Plaintiff does not claim that Defendants violated his right to a grievance procedure, to have his
23 grievances decided in a certain manner.  Rather, Plaintiff alleges that he was denied the medical
24 care required for his condition which violated his Eighth Amendment rights and his first
25 Amendment Rights for pursuing his right to proper medical care.  These rights are clearly
26 established.  As Plaintiff's right to be free from the denial of medical treatment and retaliation for
27 the filing of grievances is well established, Defendants are not entitled to qualified immunity as to
28 Plaintiffs' First and Eighth Amendment claims.  The Court will recommend denial of the motion

to dismiss on these claims.

**IV.**   **Conclusion**

For the foregoing reasons, the Court RECOMMENDS:

1. Plaintiff's unauthorized surreply (ECF No. 128) be stricken from the record;

2. Defendants' motion to dismiss (Doc. 109) be GRANTED IN PART and DENIED IN PART:

    a.   The Court DISMISS all of Plaintiff's state law claims for failure to comply with the Government Claims Act.

    b.   The Court DENY Defendants' Motion to Dismiss in all other respects.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   **March 5, 2017**            /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE