UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. PAYAN,<br><br>Plaintiff,<br><br>v.<br><br>TATE, et al.,<br><br>Defendants. | No. 1:13-cv-00807 LJO BAM PC<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION TO AMEND FIRST AMENDED COMPLAINT<br><br>(ECF No. 133) |

Plaintiff Michael J. Payan ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. This action is proceeding on Plaintiff's October 19, 2015, First Amended Complaint.

On November 4, 2015, the Court screened Plaintiff's FAC and found the following constitutional claims: (1) retaliation in violation of the First Amendment by Defendants Bingamon, Tate, Vu, Shiesha, V. Baniga, Joaquin, D. Longcrier, Does "for L.D. Zamora," and Does "for J. Lewis;" (2) deliberate indifference to a serious medical need in violation of the Eighth Amendment against Defendants Bingamon, Tate, Vu, Shiesha, Joaquin, Does "for L.D. Zamora," Baniga, Longcrier and Does for "J. Lewis." (ECF No. (hereinafter "Doc.") 84.) On April 19, 2016, the Court granted Defendants' motion for summary judgment for failure to exhaust in part and dismissed certain claims. The motion related only to events prior to May 28, 2013, and the following claims survived: (1) Plaintiff's deliberate indifference claim against Defendant Tate related to the December 2, 2010, visit; (2) Plaintiff's deliberate indifference

claim against Defendant Vu related to his refusals (prior to May 28, 2013) to send Plaintiff for an MRI; and (3) Eighth Amendment deliberate indifference claim and First Amendment retaliation claim for events post May 28, 2013. Plaintiff also asserted state law negligence claims against Defendants Vu, Tate, Shiesha, Baniga, Joaquin, and DOES.

On April 15, 2016, Defendants filed a motion to dismiss the claims in the First Amended Complaint related to events after May 28, 2013. The motion argues, among other things, that Plaintiff's state law claims should be dismissed for failure to comply with California's Government Claim Act. That motion is pending.

On June 6, 2016, Plaintiff opposed the motion to dismiss and in conjunction with his opposition, Plaintiff filed a Motion to Amend his First Amended Prisoner Civil Rights Complaint. (Doc. 123.) Then on August 15, 2016, Plaintiff filed a Second Motion to Supplement the First Amended Complaint ("Second Motion"). (Doc. 133.) In the Second Motion, Plaintiff asked the Court to strike his previous Motion to Amend and substitute the Second Motion. The Court granted Plaintiff's request to withdraw his first Motion to Amend.[1]

Now pending is Plaintiff's Second Motion to Supplement the First Amended Complaint. (Doc. 133.) Defendants filed an opposition to the Second Motion on August 31, 2016. (Doc. 135) Plaintiff filed his reply (entitled "opposition") on October 3, 2016. (Doc. 138.) The Second Motion is submitted on the papers. Local Rule 230(l).

## OVERVIEW

### A. Summary of the First Amended Complaint

Plaintiff injured his left shoulder in a fall in the shower on or about July 21, 2010. He felt a painful tear in his left shoulder when he fell. He reported the pain to several treating physicians at California Correctional Institution ("CCI") where Plaintiff was housed at the time. As relevant to the allegations, Plaintiff repeatedly attempted to get treatment for the ongoing pain and injury over a four year period. The treatments he received, if and when he was treated, were medically inadequate and exacerbated the injury and the resulting pain. Plaintiff also alleges that he was

[1] That order granting Plaintiff's request to withdraw his first motion to amend is filed concurrently with this order.

retaliated against for submitting numerous grievances.

**B. Parties' Arguments on the Second Motion**

**1. Plaintiff's (Second) Motion to Supplement First Amended Complaint**

Plaintiff seeks to file a supplement to the first amended complaint to allege that he complied with the Government Claims Act and that he has exhausted his state law remedies. Plaintiff argues that the allegations in the first amended complaint have survived defendant's motion for failure to exhaust administrative remedies. (Doc. 133 p.2.)[2] The complaint alleges state law claims and federal claims. The court has exercised jurisdiction and there is no reason to change the court's previous ruling. *Id.*

Plaintiff asks pursuant to Fed.R.Civ.P. 15(d) that the Court permit the supplementation to correct a defect in the original pleading. Plaintiff argues that justice requires that the Court permit the supplementation to cure the deficiency in the first amended complaint.

In conjunction with the Second Motion to Supplement, Plaintiff lodged a proposed supplemental pleading. (Proposed Supplemental Pleading, Doc. 134.) Plaintiff's supplemental pleading alleges that the court has supplemental jurisdiction over Plaintiff's state law claims. (Doc. 134 p. 2.) in the supplement, Plaintiff expands specific allegations as to each remaining defendants on the state law negligence claim and further alleges the breach of duties in caring for him. After each allegation, Plaintiff alleges, "Plaintiff filed government claim action and exhausted all the issues to this claim." (e.g., Doc. 134, p. 4.) Plaintiff also attaches numerous, of what appears to be, articles from a website www.uptodate.com related to rotator cuff tendinopathy. (Doc. 134, p. 9-61.)

2. **Defendants' Position on Compliance with the Government Claims Act**

In opposition to Plaintiff's Second Motion to Supplement, Defendants argue that Plaintiff's supplemental allegations are false and futile. Defendants argue that documents, which can be judicially noticed, from the Victim Compensation and Government Claims Board show

[2] Page references to filed documents reflect the court's electronic pagination when docketed in the court's Case Management/Electronic Case Files (CM/ECF) system, not the original pagination of the filed documents.

that Plaintiff did not timely present his claim and that the Board rejected his request to file a late claim. (Doc. 135.) Plaintiff's failure to comply with the Government Claims Act unequivocally bars his state law negligence claims.

Defendants argue that Plaintiff seeks relief from this Court to late file a tort claim, but this Court lacks jurisdiction to grant that relief. *See Hernandez v. McClanahan*, 996 F.Supp. 975, 978 (N.D. Cal. 1998) (finding federal district courts lack jurisdiction over inmate's petition for relief from Government Claims Act's requirements).

**3. Plaintiff's Reply**

Plaintiff argues that he presented his claim to the Board of Government Claim "clearly stating it was filed on the continual violation doctrine." (Doc. 138 p. 2.) Plaintiff argues that the continuing doctrine applies because his injury is ongoing. He presented all his issues in his Claim to the Government Claims Board. Plaintiff contends that "What they [the Board] did, is not within my control, to my complaint I presented all issues." (Doc. 138 p.2.)

## DISCUSSION

### A. Government Claims Act

Under the Government Claims Act, set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776, 39 Cal.Rptr.2d 860 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455, 115 Cal.Rptr. 797, 525 P.2d 701 (1974) (citations omitted). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244, 13 Cal.Rptr.3d 534, 90 P.3d 116 (2004). Failure to demonstrate such compliance constitutes a failure

to state a cause of action and will result in the dismissal of state law claims. *State of California v. Superior Court (Bodde*), 32 Cal.4th at 1240.

Federal courts likewise require compliance with the Government Claims Act for pendant state law claims that seek damages against state public employees or entities. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir. 1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir. 1995). State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with the claim presentation requirement. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir. 1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D. Cal. 2008).

B. **Request for Judicial Notice**

The Defendants filed on April 15, 2016 a request that the Court take judicial notice under Federal Rule of Evidence 201 of the VCGCB records for Claim No. G–624711 filed by Plaintiff Michael Payan. (Doc. 110.) Defendants attached to the request for judicial notice a certification from Katrina DeCaro, Custodian of Records for the Government Claims Program, that certifies that the documents attached to her certification are true and correct copies of the documents constituting the record of the claim of Plaintiff Michael Payan. (ECF No. 110 p.4.) Therefore, as it is not in dispute that these are the records of Plaintiff Michael Payan for Claim Number G-624711, the Court will take judicial notice of these documents.

The documents consist of the following. A Government Claim Form, stamped received by the State of California Government Claims Program, on May 19, 2015. The claim form was given number 624711 and bears a signature, with a printed name adjacent, of “Michael J. Payan.” (Doc. 110, p.12-13.) A letter from the Victim Compensation and Government Claims Board dated June 2, 2015 stating that the “Claim G624711 for Michael J. Payan, T08858” is untimely. (Doc. 110 p. 10.) A letter from VCGCB dated July 21, 2015 rejecting Michael Payan’s application for leave to present a late claim. (Doc. 110, p.7.) That rejection was affirmed at Board meeting on August 20, 2015 and Michael Payan was notified by letter dated August 28, 2015. (Doc. 110 p.6.)

**C. Leave to Amend**

Plaintiff's motion seeks leave to "supplement" the first amended complaint with expanded state law allegations against the defendants and an allegation of compliance with the Government Claims Act. Plaintiff's proposed "supplement," however, is not a proper supplement under Fed.R.Civ. P. 15(d).

A court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed.R.Civ.P. 15(d). A supplemental pleading is used to allege relevant facts occurring after the original pleading was filed. Fed.R.Civ.P, 15(d); *Keith v. Volpe*, 858 F2d 467, 473-474 (9th Cir. 1988).

Here, Plaintiff's proposed supplement does not relate to events occurring after the original complaint or the first amended complaint was filed. Rather, the supplement seeks to allege in more specificity the state law negligence claim against the defendants. Further, it seeks to allege compliance with state law exhaustion requirements. These events occurred contemporaneously with the underlying medical treatment and are not events which occurred after the first amended complaint was filed. Therefore, these allegations are not a proper supplement to the first amended complaint under Rule 15(d).

Plaintiff is really asking that the Court to permit him to amend the first amended complaint to cure alleged deficiencies. Such an amendment may be permitted under Fed.R.Civ.P. 15(a). The Court previously noted, in ruling on defendants' motion for summary judgment, that "Plaintiff does not appear to have alleged compliance with the California [Government] Claims Act in the FAC." (Doc. 93, Order Adopting F&R p. 13 n.3.) Plaintiff now seeks to amend the first amended complaint to cure that deficiency.

Under Rule 15(a), a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.' " *AmerisourceBergen Corp. v. Dialysis West, Inc*., 465 F.3d 946,

951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." *Id.* Futility alone can justify the denial of leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citation omitted) ("[A] proposed amendment is futile only if no set of facts can be proved under the amendment ... that would constitute a valid and sufficient claim or defense.").

**D. The Amendment Would be Futile**

Here, the amendment to the first amended complaint will be denied as futile. Defendants are correct that failure to file a claim within the statute of limitations provided by the Government Claims Act is grounds for dismissal, and would render any amendment of Plaintiff's complaint futile. Gov't. Code § 945.6. Courts have consistently found claims filed beyond the six-month period to be time-barred, even when the plaintiff never received the written notice. *Dowell v. Cnty. of Contra Costa*, 173 Cal. App. 3d 896, 901 (1985). Amendment here would be futile because Plaintiff's state law claims are untimely.

Plaintiff's conclusory allegation in the proposed supplemental complaint that "Plaintiff filed government claim action and exhausted all the issues to this claim" does not warrant amendment. Plaintiff failed to allege any facts that he complied with the California Government Claims Act. Indeed, Plaintiff cannot allege that he has done so. The judicially noticed documents, provided by the Government Claims Program, show that Plaintiff failed to file a timely claim. The Board also rejected Plaintiff's request to late file a claim. Submitting an untimely claim to the Government Claims Program which is rejected because it is untimely does not properly exhaust the government claim procedures. Plaintiff cannot allege compliance with California's Government Claims Act, and it would therefore be futile to grant Plaintiff leave to file his proposed second amended complaint.

**E. Petition for Relief from the Government Claim Filing**

To the extent that Plaintiff seeks leave from this Court for late filing a government claim form, this is not a proper forum to grant such relief. Cal.Govt. Code §946.6 permits a plaintiff to

petition for relief from claim presentment. A federal court, however, is not the not the proper forum for such a petition. *See Hernandez v. McClanahan*, 996 F. Supp. 975, 978 (N.D. Cal. 1998) (This court is not the "proper court" to hear Hernandez's section 946.6 petition.); *accord Oliver v. Ybarra*, 2015 WL 2381349, at *3 (E.D. Cal. May 18, 2015), report and recommendation adopted, 2015 WL 4112310 (E.D. Cal. July 8, 2015) (Because this Court does not have authority to grant relief under § 946(a), any argument regarding excusable neglect is unavailing) and *Garza v. Alvara*, 2016 WL 4921542, at *11 (E.D. Cal. July 8, 2016), report and recommendation adopted, 2016 WL 4899676 (E.D. Cal. Sept. 14, 2016) (Because this Court is not the proper court for obtaining relief from the Board's determination, the Court has no jurisdiction to hear Plaintiff's appeal from the Board's denial of his claim, either as untimely or on the merits). Accordingly, the Court denies Plaintiff's request to file a late claim form as this Court does not have jurisdiction.

## CONCLUSION

For the foregoing reasons, Plaintiff Motion to Supplement and/or Amend is DENIED.

IT IS SO ORDERED.

Dated: **March 5, 2017**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE